UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN HALL, et al.,<br><br>                Plaintiff(s),<br><br>   v.<br><br>USAA GENERAL INDEMNITY COMPANY,<br><br>                Defendant(s). | CASE NO. C23-1738-KKE<br><br>ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO WITHDRAW |

      Counsel for Plaintiffs Jonathan Hall and Brenda Hall filed a motion for leave to withdraw representation, and complied with a Court order to provide supplemental information about the circumstances giving rise to the motion to withdraw. Dkt. Nos. 50, 52. The motion is not opposed.

      The local rules of this district set out the procedure by which attorneys may withdraw:

> No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court, unless the withdrawal complies with the requirements of subsections (b)(2) or (b)(3). … The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case, and at the discretion of the court in a criminal case.

Local Rules W.D. Wash. LCR 83.2(b)(1). Whether to grant an attorney's motion to withdraw is committed to the trial court's discretion. *See John v. Quality Loan Serv. Corp. of Wash.*, 857 F. App'x 943, 943 (9th Cir. Sep. 3, 2021). In exercising that discretion, a court may consider, among

ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO WITHDRAW - 1

other factors, "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Putz v. Golden*, No. C10-0741JLR, 2012 WL 13019202, at *3 (W.D. Wash. Aug. 3, 2012).

In this case, Plaintiffs' counsel has complied with the technical requirements of LCR 83.2(b). The timing of counsel's motion is problematic under that rule's guidance, however, because the motion was filed fewer than sixty days before the discovery cutoff. *See* LCR 83.2(b)(1). Thus, the Court turns to consider the four factors listed above to determine whether to permit withdrawal.

As to the first factor—the reason why withdrawal is sought—this factor supports withdrawal. Counsel's *ex parte* explanation satisfies the Court that requiring counsel to continue representation would not be appropriate. Dkt. No. 52. The other three factors are harder to evaluate on this record. There is no evidence that a withdrawal would prejudice Defendant or the administration of justice, and therefore the second and third factors do not strongly undercut withdrawal. Brenda Hall has obtained new counsel (Dkt. No. 58), but Jonathan Hall has not (and it is not clear whether he intends to do so). Whether Plaintiffs continue in this litigation through counsel or representing themselves, it is not clear whether they or their replacement counsel are prepared to meet the case deadlines and trial date currently set. The fourth factor—delay—thus does not support withdrawal.

Weighing these factors against each other, the Court finds that counsel's need to withdraw outweighs the other factors that do not support withdrawal. The Court therefore GRANTS Plaintiffs' counsel's motion for leave to withdraw. Dkt. No. 50. No later than December 1, 2025, the parties are directed to file a joint status report regarding their respective positions on the impact

of the withdrawal of counsel on the Court's consideration of the pending summary judgment motions and the scheduling of an oral argument on those pending motions.

Dated this 19th day of November, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge

ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO WITHDRAW - 3